IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DMITRY FASOLYAK | : | |
| Plaintiff, | : | |
| v. | : | Case Number 1:06cv01126 |
| THE CRADLE SOCIETY, INC. | : | Judge Richard W. Roberts |
| Defendant. | : | Deck Type:  Contract |

**MOTION TO DISMISS**

COMES NOW the Defendant, The Cradle Society, Inc., by and through its attorneys, Robert P. Lynch and Macleay, Lynch, Gregg & Lynch, P.C., and moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff's Complaint, and in support thereof states as follows:

This Court does not have jurisdiction over the Defendant, because it is a foreign corporation organized under the laws of the State of Illinois, its principal place of business is in the State of Illinois, and the Defendant does not have sufficient minimum contacts with the District of Columbia to establish personal jurisdiction.

**Background**

The Plaintiff, Dmitry Fasolyak, has filed a Complaint alleging that the Defendant breached his contract with him for services related to the Defendant's adoption efforts in the Federation of Russia.  Among the allegations, Plaintiff claims that Defendant committed various wrongs, including breach of contract, intentional misrepresentation (fraud and deceit), negligent misrepresentation and tortious interference with prospective economic advantage.  See Complaint at pp. 14-25.  The Plaintiff further claims that the Defendant is liable to him under the theories of unjust enrichment, quantum meruit and "accounting."  See Id.

According to the Complaint, the Plaintiff is engaged in the business of facilitating lawful adoption of infants and children from the Russian Federation. He also alleges that the Defendant is an adoption agency that arranges and facilitates lawful adoptions of infants and children to families in the United States. In the Complaint, the Plaintiff alleges that the Defendant contracted with him to establish a program within Russia to provide consulting, advisory, management and administrative services in relation to the Defendant's activities in Russia. All of the allegations in Plaintiff's Complaint arise from the activities of the parties in Russia.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(2), the party asserting personal jurisdiction has the burden of proving it by a preponderance of the evidence. See Novak-Canzeri v. HRH Prince Turki Abdul Aziz Al Saud, 864 F.Supp. 203, 205 (D.D.C. 1994).

> Under the District of Columbia long-arm statute, a plaintiff has the burden of establishing that personal jurisdiction exists by demonstrating a factual basis for the exercise of such jurisdiction over the defendant. In attempting to satisfy this burden, a plaintiff may not rest on bare allegations or conclusory statements alone and must make at least a prima facie showing if it is to avoid dismissal for want of jurisdiction. While the long-arm statute is interpreted broadly, Plaintiff must allege some specific facts evidencing purposeful activity by Defendants in the District of Columbia by which they invoked the benefits and protections of its laws.

Id. (internal citations omitted). Furthermore, this Court is bound to follow the District of Columbia Court of Appeals' interpretation of its jurisdictional statutes. See Gatewood v. Fiat, 617 F.2d 820, 824 (D.C. Cir. 1980).

## Bases for Personal Jurisdiction

The Plaintiff has claimed two bases for the exercise of personal jurisdiction over the Defendant: D.C. Code §§ 13-422 and 13-423. See Complaint at ¶3. As set forth below, the

Plaintiff has not alleged sufficient facts to permit this Court to exercise personal jurisdiction over the Defendant.

D.C. Code § 13-422 provides for the exercise of personal jurisdiction over "a person domiciled in, organized under the laws of, or maintaining a place of business in, the District of Columbia as to any claim for relief." The Plaintiff makes no factual allegation in his Complaint suggesting that the Defendant maintained any kind of presence within the District of Columbia that would give rise to personal jurisdiction under § 13-422. On the contrary, the Plaintiff alleges that the Defendant is "a not for profit corporation organized under the laws of the State of Illinois" and that "Defendant's principal office is located at 2049 Ridge Avenue, Evanston, Illinois  60201." Complaint at ¶2. Thus, there can be no credible claim that the Defendant may be subject to the jurisdiction of this court under § 13-422.

D.C. Code § 13-423, the District of Columbia's "long arm statute," provides a number of specifically-enumerated and exclusive ways that this Court may exercise personal jurisdiction over a defendant. The statute reads, in pertinent part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
>> (1) transacting any business in the District of Columbia;
>>
>> (2) contracting to supply services in the District of Columbia;
>>
>> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>>
>> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>>
>> (5) having an interest in, using, or possessing real property in the District of Columbia…
>
> …
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from facts enumerated in this section may be asserted against him.

D.C. Code § 13-423.  The Plaintiff's Complaint, however, fails to establish any of these grounds which would support the exercise of personal jurisdiction over the Defendant.  The contract between the two parties, which is attached as an exhibit to the Plaintiff's Complaint, states that the Agreement is to be governed by and construed in accordance with the laws of the State of Illinois.  Moreover, the Agreement clearly anticipates that all actions to be taken by the Plaintiff, on behalf of the Defendant, are to take place within the Russian Federation.

There is no indication that the Defendant undertook any activity within the District of Columbia that would permit this Court to exercise jurisdiction over it.   Subsection (b) of the long-arm statute requires not only that one of the conditions listed in subsection (a) be present, but the harm itself arise from one of those conditions.  See Berwyn Fuel, Inc. v. Hogan, 399  A.2d 79, 80 (D.C. 1979).  Not only has the Plaintiff failed to assert that the Defendant engaged in any of the behaviors set forth in subsection (a) of the long-arm statute; the allegations in the Complaint do not suggest that the alleged injury to the Plaintiff arose from any of the contacts the Defendant may have had with the District of Columbia.

Finally, the United States District Court for the District of Maryland has already heard a similar argument from the Plaintiff, and ruled that this case should have been brought in Illinois.  See 6/14/06 Order, attached hereto as Exhibit "A."  In the case of Fasolyak v. The Cradle Society, Inc., Case No. AW 06 CV 00622, the Plaintiff filed a Complaint alleging virtually the same facts[1].  After a thorough briefing by both sides, the court issued a revised memorandum opinion in which it held that the "place of performance" of the contract appeared to be Russia and not Maryland.  See Revised Memorandum Opinion, attached hereto as Exhibit "B" at 8.  Likewise, the Defendant's duties and alleged wrongdoing were related to actions in Russia.  See Id.  Thought the court granted the Defendant's motion to

---

[1] The material differences in the two complaints have to do with the Defendant's alleged contacts with the State of Maryland and the District of Columbia.

4

dismiss the Maryland complaint and transfer the case to the Northern District of Illinois, under the authority of 28 U.S.C. § 1406(a), the Plaintiff opted instead to dismiss it and refile the matter in this Court.  See 6/19/06 Order, attached hereto as Exhibit "C."

WHEREFORE, the Defendant, The Cradle Society, Inc., respectfully requests that this Court dismiss the Plaintiff's Complaint.

MACLEAY, LYNCH, GREGG & LYNCH, P.C.

By: _____/s/_____
Robert P. Lynch #416824
1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
*Counsel for Defendant,*
*The Cradle Society, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by electronic mail and U.S. mail, postage prepaid, this 31st day of July, 2006, to:

John D. Quinn, Esq.
910 16th Street, N.W., Suite 500
Washington, D.C.  20006
*Counsel for Plaintiff*

_____/s/_____
Robert P. Lynch

5