EXHIBIT 4

COMPLAINT EXCERPTS

THE CRADLE SOCIETY
V.
DMITRY FASOLYAK

(CIRCUIT COURT OF COOK COUNTY, ILLINOIS)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION

| | |
|---|---|
| THE CRADLE SOCIETY, | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| | ) |
| v. | ) JURY DEMANDED  2006L006526 |
| | ) CALENDAR/ROOM V |
| DMITRY FASOLYAK | ) TIME 00:00 |
| | ) Breach of Contract |
| Defendant. | ) |
| | ) |

## COMPLAINT

The Cradle Society ("The Cradle"), by and through its attorneys, for its complaint against Dmitry Fasolyak ("Fasolyak"), states, on information and belief, as follows:

### INTRODUCTION AND NATURE OF THE CASE

1. This action arises out of an Agreement between The Cradle – an adoption agency located in Evanston, Illinois – and Fasolyak (the "Agreement") under which The Cradle agreed to cause adoptive parents to pay Fasolyak money and Fasolyak agreed to provide advice and assistance to The Cradle in connection with its Russian Adoption Program (the "Russian Program").

2. The Cradle is one of 38 United States adoption agencies accredited by the government of the Russian Federation to perform adoptions in the Russian Federation. The Cradle's Russian Program pairs children awaiting adoption in the Russian Federation with adoptive families in the United States.

21. In September of 2005 The Cradle's Russian Program was re-accredited by the government of the Russian Federation and The Cradle resumed performing adoptions directly in Russia. As an accommodation to Fasolyak, The Cradle had agreed to share with Fasolyak certain of the expenses associated with its Moscow office during the period of time, beginning in April 2005, when The Cradle was not performing adoptions directly in Russia. That arrangement ended, according to the understanding between The Cradle and Fasolyak, when The Cradle resumed performing adoptions directly in Russia in September 2005. According to the understanding between the parties, Fasolyak was, at that time, required to resume meeting his full obligation under the Agreement to remit to The Cradle, on a monthly basis, all of the funds necessary to pay all of the expenses for The Cradle's Moscow office.

22. Nevertheless, in September 2005, and from that time to the present, without justification or excuse, and despite his clear obligation to do so under the Agreement, Fasolyak has failed to remit any funds whatsoever to The Cradle for the payment of expenses associated with The Cradle's Moscow office. Fasolyak has failed to remit any funds to The Cradle despite the fact that The Cradle paid Fasolyak the Russian Fees for adoptions that took place after August of 2005.

23. On information and belief, Fasolyak has committed additional breaches of the Agreement including, but not limited to, the failure to ensure that required documentation is sent to appropriate government offices in the Russian Federation in order to provide proof to the Russian government that adopted children have been properly registered with the Russian embassy in the United States. Fasolyak's failure to ensure that required documentation is sent to appropriate government offices in the Russian Federation has damaged The Cradle's reputation

and standing with the government of the Russian Federation and may diminish The Cradle's ability to perform adoptions in the Russian Federation.

**After Failing to Pay The Expenses Associated With The Cradle's Russian Program as He Was Required to do Under the Agreement, Fasolyak Accused The Cradle of Breaching the Agreement**

24. As a result of Fasolyak's failure in August, September, October and November of 2005 to pay the expenses associated with The Cradle's Moscow office as he was required to do under the Agreement, The Cradle provided Fasolyak with notice of termination of the Agreement on November 30, 2005.

25. Thereafter, in March of 2006, Fasolyak filed suit against The Cradle in the United States District Court for the District of Maryland, making the baseless allegation that The Cradle had, among other things, breached the Agreement by:

(a) not paying the agreed-upon fees on time and in full;
(b) misrepresenting and understating the amounts owed to Plaintiff for adoptions completed;
(c) withholding and concealing adoption cases, files, dossiers, documents, records and papers from Plaintiff;
(d) failing to refer all of Defendant's Russian adoption cases to Plaintiff;
(e) failing to accurately and truthfully account to Plaintiff for adoption cases and revenues generated therefrom;
(f) interfering with Plaintiff's performance of his duties under the Agreement;
(g) refusing to allow Plaintiff to complete adoptions as agreed;
(h) preventing and interfering with Plaintiff's efforts to coordinate adoption work and activities;
(i) failing to pay Plaintiff the Russian Fees on all Russian adoptions completed or in process;
(j) failing to pay Plaintiff the Russian Fees on all Russian adoptions available to Defendant;
(k) frustrating Plaintiff from preparing budgets for Moscow office operations;
(l) incurring expenses for operation of the Moscow office not approved in a budget prepared by Plaintiff;
(m) preventing Plaintiff from exercising the agreed-upon control over the Moscow office and the Russian Program, its budget and its operations;
(n) participating in adoptions in Russia without Plaintiff's involvement;
(o) over billing Plaintiff for costs and expenses;

not liable to Fasolyak for breaching the Agreement; and (f) such other and further relief as the Court deems just and proper.

Dated: Chicago, Illinois
June 21, 2006

THE CRADLE SOCIETY,

By: _____
One of its attorneys

Thomas F. Ryan
Andrew P. O'Brien
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

CHI 1542140v.1

12