IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMITRY FASOLYAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06 cv1126 |
| ) | Judge Thomas P. Hogan |
| ) | |
| THE CRADLE SOCIETY, INC., ) | |
| ) | |
| Defendant. ) | |

## RULE 16 (b) STATEMENT

Plaintiff hereby submits the following statement pursuant to Rule 16(b). Plaintiff contacted counsel for Defendant on March 6, 2007 to confer regarding submission of this Rule 16(b) statement. Counsel for Defendant did discuss some of the matters included in Rule16(b). However Defendant expressed concern that submission of a joint statement would prejudice Defendant's pending motion to dismiss. Plaintiff prepared and transmitted to Defendant a draft Joint Rule 16(b) Statement and offered to stipulate that the filing of a Joint Statement would not prejudice Defendant or otherwise be used against Defendant with respect to Defendant's motion to dismiss for lack of personal jurisdiction. Defendant indicated it would not agree to submit a joint Rule 16(b) statement.

## BRIEF STATEMENT OF THE CASE

Plaintiff's Statement of Fact.

This case relates to international adoptions of children from The Russian Federation to the United States. Plaintiff Dmitry Fasolyak is a permanent resident of the US who lived for many years in Russia where he was involved in international adoptions. Mr. Fasolyak provides consulting, management and administrative services to US adoption agencies doing business in Russia. Defendant The Cradle Society ("Cradle") is an adoption agency.

In 2004, Cradle and Mr. Fasolyak entered into a contract whereby Fasolyak agreed to provide adoption assistance to Cradle in the US, help establish, operate and manage an office for Cradle in Moscow, provide Cradle with consulting and administrative services and, generally, to establish a "Russian Program" for Cradle in Russia and in the US. In return, Cradle agreed to pay Fasolyak a fee for each Russian adoption processed by Cradle.

Fasolyak set up the Moscow office for the "Russian Program" and identified employees for Cradle to process adoptions in Russia generally and in selected regions in Russia. Fasolyak secured Russian government accreditation for Cradle to handle adoptions in Russia. After the Moscow office became operational, Cradle began trying to circumvent Fasolyak to avoid paying his fee. Cradle stopped providing Fasolyak with administrative and accounting information and substantially excluded him from managing the Moscow office. Cradle began directly supervising the employees of the Moscow office in violation of the parties agreement. Cradle processed many adoptions

through the Moscow office without paying Fasolyak any fee and made efforts to conceal their activities from Fasolyak by telling him that they were paying him fees on all Russian adoptions.  Ultimately, Cradle wrongfully terminated the parties agreement and refuses to pay Fasolyak fees for Russian adoptions.  Cradle wrongfully failed to pay Fasolyak fees of over $2 million and the damages are continuing to accumulate as Cradle processes additional adoptions while refusing to pay Fasolyak's fees.  Fasolyak seeks damages for breach of contract, fraud, misrepresentation, unjust enrichment, quantum meruit and tortuous interference with prospective economic advantage and he also seeks an accounting of the activities of the Moscow office.

## PLAINTIFF'S RULE 16 POSITIONS

The parties conferred by telephone on March 6, 2007 and Plaintiff forwarded a draft Rule 16(b) Statement to Defendant.  Because Defendant would not submit a joint statement, Plaintiff states as follows with respect to Rule 16(b):

    1.)    <u>Resolution By Dispositive Motion</u>:  Plaintiff believes that this case is fact specific and is not amenable to resolution by summary judgment.

    2.)    <u>Amendment of Pleadings:</u>  Plaintiff does not anticipate amending its pleading.

    3.)    <u>Assignment to a Magistrate Judge</u>:  Plaintiff does not consent to assignment of this matter to a Magistrate Judge.

    4.)    <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could be productive in this case after initial discovery.

    5.)    <u>ADR</u>:  Plaintiff believes that mediation could be fruitful in this case after discovery.

6.) <u>Resolution On Summary Judgment</u>: Plaintiff does not anticipate that the case will be amenable to resolution on summary judgment.

7.) <u>Disclosures</u>: Plaintiff believes that disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be made.

8.) <u>Extent Of Discovery</u>: Plaintiff requests that the presumptive limits be applied, that is no more than 25 interrogatories and no more than ten depositions per party, subject to requests for additional depositions if reasonable. Plaintiff requests 180 days for fact discovery.

9.) <u>Expert Witnesses</u>: Plaintiff requests that Plaintiff's expert report, if any, be required to be served no later than 120 days after the date of this report and that any expert report in response be filed 30 days thereafter. Plaintiff requests that expert discovery close 45 days thereafter, allowing for time for deposition of the expert witnesses.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: Plaintiff does not believe that bifurcation is necessary.

12.) <u>Date for Pretrial Conference</u>: A pretrial conference should be scheduled following discovery.

13.) <u>Trial Date</u>: A firm trial date should be set at the pre-trial conference.

14.) <u>Other Matters</u>: None

Respectfully submitted,

_____
John D. Quinn, Esquire
D.C. Bar 267302
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006

Counsel for Plaintiff