IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DMITRY FASOLYAK | : | |
|     Plaintiff, | : | |
| v. | : | Case Number 1:06cv01126 |
| | | Judge Thomas P. Hogan |
| THE CRADLE SOCIETY, INC. | : | Deck Type: Contract |
|     Defendant. | : | |

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Defendant, The Cradle Society, Inc., by and through its attorneys, Robert P. Lynch and Macleay, Lynch, Gregg & Lynch, P.C., and moves, pursuant to Federal Rule of Civil Procedure 26(c), for a Protective Order, and in support thereof states as follows:

**I.     Background**

This case involves a breach-of-contract action brought by the Plaintiff against the Defendant. The Defendant has filed a motion to dismiss, based on a lack of personal jurisdiction. In appearing before this Court to submit its arguments, the Defendant maintains that the Court may not exercise personal jurisdiction over it and that this motion in no way waives that defense.

The Plaintiff has caused two subpoenas to be issued from the U.S. District Court for the Northern District of Illinois.[1] See Subpoenas, attached hereto as Exhibits "A" and "B." These subpoenas have been served on Susan T. Petersen and Kristen Jones, who are, respectively, an officer of the Defendant and a former employee of the Defendant, in Illinois. A motion to quash the Petersen subpoena is presently pending in the District Court for the Northern District of Illinois, the issuing court. See In re Digital Equipment Corp., 949 F.2d

---

[1] The Plaintiff's attempt to take discovery in Chicago is yet further confirmation that this court has no jurisdiction over the Defendant. There is no evidence that either Susan Petersen or Kristen Jones engaged in any conduct within the District of Columbia that would allow this Court to exercise personal jurisdiction over the Defendant, yet the Plaintiff's first attempt to take discovery necessarily results in the deposition of the Defendant's employees and officers in the Northern District of Illinois.

228, 231 (8th Cir. 1991)(motion to quash subpoena is properly brought before court that issued subpoena and not court where underlying action is pending).  A similar motion will be filed regarding the Jones subpoena.

The subpoenas command the deponents to appear at a law office in Chicago, Illinois to both give testimony and produce documents according to identical appendices attached to the subpoenas.  See Exhibits "A" and "B."  The document production requests are open-ended, seeking a virtually unlimited number of documents.  See Appendix A to Subpoenas, attached and incorporated hereto as Exhibit "C."

II.     **Rule 26(d) forbids discovery prior to Rule 26(f) conference**

The Plaintiff's subpoenas are not permitted under the Federal Rules of Civil Procedure.  "[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  F.R.C.P. 26(d).  Inasmuch as the conference required by Rule 26(f) has not taken place,[2] the Plaintiff is not entitled to take discovery absent a showing of good cause.  See Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 614 (D. Ariz. 2001); and DirecTV, Inc., v. DeVries, 302 F.Supp.2d 837, 838 (W.D. Mich. 2004).  The Plaintiff has not petitioned the Court to take early discovery, much less shown good cause why he should be allowed to do so.  Moreover, the Court has yet to issue even an initial order or set a date for a scheduling conference.  Given that the Defendant's dispositive motion is pending, it would be premature to allow discovery in this case.  See Mavrovich v. Vanderpool, 427 F.Supp. 2d 1084, 1087 (D. Kansas 2006)(where dispositive

---

[2] Although counsel for the Plaintiff did contact the undersigned to submit a joint Rule 16(b) statement, the Defendant asserted that doing so may waive its jurisdictional defense. See, e.g., Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp., 869 F.Supp. 35, 38-39 (D.D.C. 1994)(where defendant filed opposition to preliminary injunction, subsequent jurisdictional defense was waived). The parties did not discuss the matters encompassed by Rule 26(f) at all.  Thus, there has been no substantive discussion of a discovery plan as contemplated by the Rule.

motions still outstanding and court had not issued initial order, plaintiff's motion for discovery hearing denied).

### III. Where jurisdiction over the Defendant has not been established, discovery is inappropriate.

Furthermore, the Plaintiff's attempt to take discovery in this case necessarily requires the Defendant to engage in litigation where this Court's jurisdiction over it has not been established. The Defendant's previously-filed Motion to Dismiss sets forth ample argument why the Defendant is not subject to the personal jurisdiction of this Court. Though the Court has yet to rule on the motion, requiring the Defendant to submit to the Plaintiff's discovery demands would be needlessly costly and burdensome. The Defendant should not be forced to submit to the rigors of litigation when the Court has not determined that the Defendant is subject to its jurisdiction. See, e.g., Orchid Biosciences, Inc. v. St. Louis University, 198 F.R.D. 670, 672 (S.D. Cal. 2001)(while motion to dismiss for lack of personal jurisdiction is pending, discovery seeking to reach merits of case is unnecessary, costly and burdensome).

WHEREFORE, the Defendant, The Cradle Society, Inc., respectfully requests that this Court issue an Order prohibiting the Plaintiff from taking discovery of any kind.

                MACLEAY, LYNCH, GREGG & LYNCH, P.C.

By: _____/s/_____
Robert P. Lynch #416824
1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
*Counsel for Defendant,*
*The Cradle Society, Inc.*

## CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE DISPUTE

I hereby certify that on June 1, 2007, I conferred with counsel for the Plaintiff in a good-faith attempt to resolve the dispute that is the subject matter of this motion.

                                                            _____/s/_____
                                                            Robert P. Lynch

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 5th day of June, 2006, to:

John D. Quinn, Esq.
910 16th Street, N.W., Suite 500
Washington, D.C.  20006

Dmitri A. Chernov, Esq.
Three Bethesda Metro Center
Suite 910
Bethesda, MD  20814

                                                            _____/s/_____
                                                            Robert P. Lynch

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK              :

    Plaintiff,                :

v.                           :          Case Number 1:06cv01126
                                                                             Judge Thomas P. Hogan
THE CRADLE SOCIETY, INC.     :          Deck Type:  Contract

    Defendant.               :

## ORDER

Upon consideration of Defendant's Motion for Protective Order, it is, by this Court, the _____ day of _____, 2007, hereby

ORDERED, that Defendant's Motion for Protective Order is hereby GRANTED; and IT IS FURTHER

ORDERED, that the Plaintiff be prohibited from conducting any discovery in this matter until such time as this Court deems appropriate.

                                                                                                    Judge

Copies to:

**BY ELECTRONIC DELIVERY:**

    Robert P. Lynch, Esquire
    Macleay, Lynch, Greg & Lynch, PC
    1629 K Street, N.W.
    Suite 802
    Washington, DC 20006

    John D. Quinn, Esq.
    910 16th Street, N.W., Suite 500
    Washington, D.C. 20006

    Dmitri A. Chernov, Esq.
    Three Bethesda Metro Center
    Suite 910
    Bethesda, MD 20814