IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DMITRY FASOLYAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06 cv1126 (TFH) |
| | ) | |
| | ) | |
| THE CRADLE SOCIETY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
ALTERNATIVE MOTION TO COMPEL RULE 26(f) CONFERENCE
AND MOTION FOR EMERGENCY HEARING**

Plaintiff Dmitry Fasolyak ("Fasolyak" or "plaintiff"), by and through the undersigned counsel, respectfully moves the Court to compel discovery by ruling that discovery in this case is proper under Rule 26(f). Plaintiff alternatively moves the Court to enter an order compelling the defendant to attend immediately a Rule 26(f) scheduling conference and to enter an order that discovery may proceed immediately. Because depositions were scheduled for June 7, 2007, and because defendant filed a motion for protective order two days before the scheduled depositions and indicated that witnesses would not appear for deposition on June 7, 2007, and further because of concerns regarding potential spoliation of evidence, plaintiff requests an emergency hearing on these motions. In support of this motion, plaintiff submits his memorandum of points and authorities in opposition to Defendant's Motion for Protective Order and in support of Plaintiff's Motion to Compel Discovery and Alternative Motion to Compel Rule 26(f) Conference and in support of Plaintiff's Motion for Expedited Hearing.

Respectfully submitted,

_____/s/_____
John D. Quinn, Esq.
Bar No. 267302
Stephen Sale
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006
Telephone:    (202) 833-4170
Fax:            (202) 887-5137
E-mail:        JDQCSQ@aol.com

Dmitri A. Chernov, Esq.
Bar No. 482894
Three Bethesda Metro Center
Suite 910
Bethesda, MD 20814
Telephone:    (240) 447-8625
Fax:            (301) 907-7790
E-mail:        Dchernov@aol.com

Counsel for Plaintiff

June 6, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK,            )
                           )
        Plaintiff,         )
                           )
        v.                 )        Case No. 1:06 cv1126 (TFH)
                           )
                           )
THE CRADLE SOCIETY, INC.,  )
                           )
        Defendant.         )

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND ALTERNATIVE
MOTION FOR RULE 26(f) CONFERENCE AND IN SUPPORT OF PLAINTIFF'S
MOTION FOR EXPEDITED HEARING**

Plaintiff Dmitry Fasolyak ("Fasolyak" or "plaintiff"), by and through the undersigned

counsel, submits this memorandum of law in opposition to the motion of defendant The Cradle

Society, Inc. ("Cradle" or "defendant"), for a protective order and asks the Court to deny said

motion for the reasons set forth below.  In addition, plaintiff moves to compel discovery through

a ruling of this Court that plaintiff may proceed with discovery pursuant to Rule 26(d) or,

alternatively, that defendant be ordered to participate within one (1) business day in a conference

of counsel pursuant to Rule 26(f) and that discovery shall proceed immediately thereafter.

Plaintiff also submits this memorandum of points and authorities in support of his motion for an

expedited hearing of the foregoing pending motions.

**Background, Introduction, and Summary of Argument.**

These motions relate to two deposition subpoenas served by plaintiff on May 22, 2007,

requesting depositions and document production from a former employee of Cradle and a current

employee of Cradle.[1]  The depositions were set for June 7, 2007, in Chicago.  Two business days

before the depositions, on June 4, 2007, defendant filed a Motion for Protective Order with this

Court.  Counsel for defendant has advised counsel for plaintiff that the two witnesses

subpoenaed will not appear for deposition on June 7.[2]

On June 21, 2006, plaintiff filed his complaint against Cradle.  The complaint is not a

simple breach of contract claim as Cradle states in its motion but also involves claims that Cradle

engaged in fraud and deceit and negligent misrepresentation and that it tortiously interfered with

plaintiff's business.  Plaintiff demands damages and an accounting.

On August 1, 2006, defendant filed a Motion to Dismiss pursuant to Rule 12(b) of the

Federal Rules of Civil Procedure, claiming *only* that plaintiff's complaint does not allege

sufficient facts to show that the Court has personal jurisdiction over defendant.  Cradle submitted

no affidavit or other evidence to support its claim that this Court lacks personal jurisdiction in

this matter.   Fasolyak's complaint, his affidavit, and other evidence submitted in opposition to

the Motion to Dismiss show there was extensive contract performance by both plaintiff and

defendant in the District of Columbia.  Indeed, Cradle itself has submitted an affidavit stating

that *all* meetings between plaintiff and defendant relating to the contract at issue were held in

Washington, D.C.  This would include multiple meetings related to the formation and

performance of the contract, high-level meetings with officers and directors of Cradle, meetings

with members of the U.S. Congress, and meetings with representatives of a foreign government.

Fasolyak submitted an affidavit stating that he, either directly or through his agents, traveled to

---

[1] Contrary to defendant's contention, Susan Peterson does not appear to be a senior officer of the
company.
[2] This apparently includes the witness who is no longer an employee of Cradle (Kristen Jones).
This representation was made by Thomas Ryan, Esq. of Sidley Austin, Chicago, counsel for
Cradle, to Jack Theis, Esq., of Perkins Coie, Chicago, Chicago counsel for Fasolyak.

Washington, D.C., *hundreds of times* to perform his mandatory duties under the contract. In sum, plaintiff has submitted overwhelming evidence that defendant's contacts were more than sufficient to satisfy both the District's long-arm statute and constitutional due process. Defendant submitted no evidence in response.

The Motion to Dismiss has been pending since August 2006. After the complaint had been pending with this Court for more than 120 days, counsel for plaintiff contacted counsel for defendant to discuss Rule 26(f) matters, as required by Fed. R. Civ. Proc. 16(b) and 26(f). The parties discussed many of the issues required under the rules, and plaintiff prepared a draft Rule 16(b) Report and sent it to counsel for defendant. Counsel for defendant refused to sign the draft Rule 16(b) Report on the grounds that signing the Report could be regarded as consent by defendant to jurisdiction in this Court. Plaintiff filed the Rule 16(b) Report and indicated in it that he had conferred with counsel for defendant on some of the Rule 26 issues. Defendant did not object to that Report. However, now, defendant argues in support of its Motion for Protective Order that no Rule 26(f) conference was ever held.

Plaintiff asserts that discovery in this case is open under the rules because the time for the parties to conduct a mandatory conference has passed, because the parties held a Rule 16 and Rule 26 conference, and because a Rule 16(b) Report has been filed with the Court without objection from defendant.

Much of the evidence in this case is located in the Russian Federation, including certain books and records of Cradle's Russian Program and numerous original documents supporting each case processed through that office. Plaintiff has reason to believe that agents of defendant may have engaged in spoliation of important evidence in this case. Specifically, plaintiff is informed that defendant's Moscow office personnel have substantially modified its books and

records –evidence that is at the center of this case.  Further, plaintiff has received evidence that defendant has attempted to remove original records from court files in the Russian Federation concerning other matters that are central to plaintiff's case.  Accordingly, plaintiff noticed the depositions of one employee of defendant and one former employee of defendant who are believed to have relevant evidence.  Plaintiff anticipates the need for additional depositions of individuals, including in the Washington, D.C., area, and document production in the very near future.

<strong>Argument</strong>

Rule 26(d) provides that a party may not seek discovery from any source until the parties have *conferred* pursuant to Rule 26(f).  Rule 26(f) requires that the parties "*must*" hold a Rule 26(f) conference*,* "as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b)."  An initial scheduling order was not issued in this case.  However, a scheduling order was *due* under Rule 16(b) "within 90 days after the appearance of defendant and within 120 days after that complaint has been served."  A scheduling order was due under Rule 16(b) between October 30, 2006 (90 days after defendant filed its Motion to Dismiss), and December 29, 2006 (120 days after June 29, 2006, the date the complaint was served).  Thus, under Rule 26(f), the latest date for the parties to confer was December 29, 2006.  Accordingly, where, as here, a scheduling order is not issued, the Rules require the parties to meet and confer pursuant to Rule 26(f), which conference automatically opens discovery.

The parties held a Rule 26(f) conference on March 6, 2007, and discussed many of the issues to be addressed under Rule 16(b).  Plaintiff drafted a Rule 16(b) Report and sent it to counsel for defendant.  Because counsel for defendant indicated that he was reluctant to submit a

Rule 16(b) Report while a motion to dismiss was pending, counsel for plaintiff offered to stipulate that the filing of the Rule 16(b) Report was without prejudice to the pending Motion to Dismiss.  Counsel for defendant refused to submit any Rule 16(b) Report.  Accordingly, plaintiff filed a Rule 16(b) Report on March 29, 2007, advising the Court that a Rule 26(f) conference was held and that at least some of the Rule 16(b) issues were discussed.  Exhibit A.

Rule 26(d) is clear.  Under Rule 26(d), discovery begins automatically once the parties have conferred under Rule 26(f).  A Rule 26(f) conference is mandatory and must be held no more than 120 days after a complaint is served, and no report, joint or otherwise, is necessary for discovery to begin.  The parties did hold a Rule 26(f) conference.  Plaintiff filed a report stating that the parties did hold a Rule 26(f) conference, and defendant did not object to the report.  Defendant participated in the 26(f) conference but then simply refused to join in a report of that conference.  But, even if it were true that defendant did not participate at all in a Rule 26(f) conference, which is not the case, defendant's argument here that it can block discovery by simply refusing to participate in the Rule 26(f) conference is misplaced.  A Rule 26(f) conference is *mandatory* within 120 days after service of a complaint.  Defendant, in effect, seeks a ruling that it can block discovery indefinitely by refusing to participate in a conference that is mandatory.  Such a ruling would render the requirement that discovery begin under Rule 26(d) once a Rule 26(f) conference is held meaningless, because any party would be able to block discovery by simply refusing to participate in a Rule 26(f) conference.

Assuming, *arguendo,* that the mandatory Rule 26(f) conference was not held because counsel for defendant refused to discuss all of the Rule 16(b) issues, this Court has the authority to either order defendant to participate in a Rule 26(f) conference or, otherwise, order that discovery proceed.  *See*, Rule 26(f) and Local Rule 26.2(a) (which authorize the court to order

the parties to attend a Rule 26 conference) and Rule 26(d) (which authorizes the Court to order that discovery proceed on a expedited basis at any time). In this case, plaintiff offers good cause why the Court should order that discovery proceed. Discovery must proceed because a Rule 26(f) conference was held by counsel on March 6, 2007, and it is now far past the date when discovery was authorized to begin under the rules. Moreover, the time for a mandatory Rule 26(f) conference has also long passed. If the court should find that the parties did not hold a Rule 26(f) conference, the court must order that discovery proceed immediately or order that a Rule 26(f) conference be held immediately. Rule 26(f) anticipates the very sort of deadlock that defendant attempts to create here by refusing to participate in a discovery conference by specifically authorizing the court to order a party to attend a discovery conference or to proceed with discovery. In these circumstances, defendant must be ordered to participate in the discovery conference that is mandatory under Rule 26(f) so that discovery may proceed as envisioned by the Rules.

Plaintiff has good cause to proceed with discovery promptly. Plaintiff has reason to believe that important information may be forgotten, lost or destroyed if discovery is not held promptly. As set forth in the affidavit of Oleg A. Svitkov, agents of defendant may have been involved in attempts to purge important documents from public records in Russia. Exhibit B. Specifically, Oleg A. Svitkov, a citizen of the Russian Federation, submits an affidavit herewith where he attests that Ekaterina Vasilyevna Pavolva, a retired Russian judge and consultant to Cradle in Russia, informed him that Valentina Krasnova, the head of Cradle's Moscow office, had asked for her help in permanently removing files and records relating to certain adoptions from court files in the Bryansk Province of Russia. Plaintiff is confident that the records Ms. Pavlova was asked to help purge directly relate to adoptions that are involved in this case.

Further, plaintiff Dmitry Fasolyak submits an affidavit stating that he was informed by an agent of Cradle that Cradle's accountant and manager in Russia may have revised the books and records of the Cradle's Moscow office that are directly at issue in this case. Exhibit C.

Plaintiff has good reason to believe that the witnesses who are currently under subpoena for deposition on June 7, 2007, have knowledge of the contents of the Russian court records that defendant may have endeavored to remove. Plaintiff needs to move forward with discovery to preserve this crucial information. Plaintiff is also deeply concerned about the integrity of defendant's books and records and will require discovery concerning these important books and records.

This is not a request for expedited discovery, as this case has been pending for almost one year and is far past the point (120 days after service of the complaint) where discovery is supposed to start under the rules. However, were this a request for expedited discovery at the preliminary injunction stage, the request would have had to be granted under the following standards set forth in *In re Fannie Mae Derivative Litigation,* 2005 U.S. Dist. LEXIS 2967 (D.D.C., 2005):

> The so-called 'reasonableness test' calls for the Court to decide the motion based on the 'reasonableness of the request in light of all of the surrounding circumstances . . ..' Among the factors to be considered by the Court are: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

2005 U.S. Dist. LEXIS 2967, at 4 (citations omitted). In this case, plaintiff has provided good cause for the discovery sought. There is evidence suggesting that agents of Cradle in Russia have attempted to purge important records from court files there. The burden on the defendant is by no means unreasonable. In addition, the requests are not made in advance of the typical time

discovery is requested. Rather, the requests are being made long after the date for discovery to commence under the Rules. Further, there is a strong likelihood that plaintiff will prevail on the pending motion to dismiss and that this Court will accept jurisdiction of this case under the D.C. long-arm statute.

Plaintiff has presented persuasive evidence that the minimum contacts test has been satisfied in this case under the standards set forth in *GTE New Media Servs. Inc. v. Bellsouth Corp.,* 199 F.3d 1343, 1347 (D.C. Cir. 2000). In a contract action, an individual has minimum contacts with a forum if he enters into a contract that has a "substantial connection" with the forum. *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223 (1957). A court must evaluate the "parties' actual course of dealing" under the contract to determine whether assertion of personal jurisdiction satisfies the due process clause. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 479 (1985), *quoting Hoopeston Canning Co. v. Cullen,* 318 U.S. 313, 316 (1943). In a contract action, it is sufficient if the claim subject to dispute "grew directly out of 'a contract which had a *substantial* connection with that State'" *Burger King v. Rudzewicz,* 471 U.S. at 479, n.22, *citing McGee,* 355 U.S. at 223.

Personal jurisdiction over Cradle is appropriate because there was substantial performance of the contract at issue in the District of Columbia. See *Helmer v. Doletskaya,* 393 F.3d 201, 207 (D.C. Cir. 2004) (the formation and performance of a contract in the District of Columbia and the parties' contemplated future contacts with the District as a condition of performance gave the district court personal jurisdiction over the nonresident defendant); *Ulico Cas. Co. v. Fleet Nat'l Bank,* 257 F. Supp.2d 142, 146 (D.D.C. 2003) (specific personal jurisdiction over a non-resident defendant permissible because the defendant had entered into a contract with the plaintiff requiring some performance in the District of Columbia). The

contract performance in the host jurisdiction may be by either the plaintiff or the defendant.  See

*Burger King Corp. v. Rudzewicz,* 471 U.S. at 479, where an out-of-state defendant had never

even visited Florida, but personal jurisdiction was permitted because Burger King itself

performed the contract between the defendant and Burger King in Florida.

In this case, plaintiff has presented evidence that the contract at issue was negotiated to a

significant degree in the District of Columbia at meetings personally attended by officers of

Cradle.  Plaintiff has presented evidence that he had met with officers and employees of Cradle

in Washington, D.C., in performing his duties under the contract.  Moreover, plaintiff has

submitted an affidavit that he personally performed mandatory duties under the contract in

Washington, D.C., that had to be performed in Washington, D.C., by making hundreds of

business trips to the Embassy of the Russian Federation.  Defendant has not rebutted any of this

evidence.  Accordingly, there is a substantial likelihood that defendant's Motion to Dismiss for

lack of jurisdiction will be denied.

The complaint alleges substantial performance of the contract in Washington, D.C., and

the affidavits of plaintiff Dmitry Fasolyak and an officer of defendant show that the contract was

in fact formed and substantially performed in this jurisdiction.  As a starting point, plaintiff and

defendant met in Washington, D.C., and negotiated the terms of their business relationship and

of the contract at issue here.  (Aff. Fasolyak, Ex. 1, ¶¶ 5-6.)[3]   The complaint alleges that the

contract between Fasolyak and Cradle was performed to a substantial degree by plaintiff and

defendant in Washington, D.C.  (Compl. ¶ 14).  One of Fasolyak's responsibilities under the

contract was to register children adopted through Cradle at the Embassy of the Russian

---

[3] All references are to Fasolyak's affidavit submitted with Plaintiff's Memorandum of Law in
Opposition to Defendant's Motion to Dismiss (Document 6) and Plaintiff's Supplemental
Memorandum in Opposition to Motion to Dismiss (Document 8).

Federation in Washington, D.C.  (Compl. ¶¶ 15-16).  Each adoption required Fasolyak to visit the Russian Embassy in Washington, D.C. to complete the adoption process by establishing that the adopted child had taken residence with the adoptive family in the United States.  To perform this function, Cradle sent adoption documents to Fasolyak and requested that Fasolyak present these documents at the Russian Embassy in Washington, D.C.  (Aff. Fasolyak, Ex. 1, ¶¶ 18-22.)  After officials at the Russian Embassy were satisfied with the presentation Fasolyak made, Fasolyak obtained documents from the Russian Embassy in Washington, D.C., at the request of Cradle, and sent them to Cradle.  (Aff. Fasolyak, Ex. 1, ¶¶ 18-22.)   Fasolyak, either directly or through agents and employees, made *hundreds* of trips to the Russian Embassy in Washington, D.C., in performance of this one aspect of his contractual obligations to Cradle.  (Aff. Fasolyak, Ex. 1, ¶ 22.)   The meetings at the Russian Embassy were pursuant to explicit instructions from Cradle.

Fasolyak was required to process adoption papers at the Russian Embassy in Washington, D.C., because that Russian Consulate in Washington, D.C., has jurisdiction over Maryland and Illinois.   *See,* Exhibit 2 to Plaintiff's Opposition to Defendant's Motion to Dismiss.  Should there be any question about Cradle's contention that the parties' contract required Fasolyak to handle Embassy processing of the adoption applications in Washington, D.C., counsel for Cradle sent Fasolyak at least two letters threatening to sue him if he would not perform this service, this even after the complaint.  And lest there remain any doubt whether there were meetings between Fasolyak and Cradle in Washington, D.C., Cradle itself submitted a sworn affidavit to the United States District Court for the District of Maryland stating that all contacts between Fasolyak and Cradle related to the contract at issue in this case occurred in Washington, D.C.  Said affidavit reads in relevant part:

3. To the best of my information, knowledge and belief, the meetings between Dmitry Fasolyak and representatives of The Cradle Society were not conducted in Maryland. All such meetings known to me were conducted in the District of Columbia.

(Aff. Hageman, Pl's Opp'n to Mot. to Dismiss, Ex. 5, Doc. 6.)

**Conclusion.**

Plaintiff respectfully submits that the Motion for Protective Order must be denied. Plaintiff requests that this Court enter an order specifying that the discovery requested must proceed under Rule 26(d) because the Court otherwise deems it appropriate and in the interest of justice that discovery proceed.

Respectfully submitted,


_____/s/_____
John D. Quinn, Esq.
Bar No. 267302
Stephen Sale, Esq.
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006
Telephone:    (202) 833-4170
Fax:              (202) 887-5137
E-mail:         JDQCSQ@aol.com

Dmitri A. Chernov, Esq.
Bar No. 482894
Three Bethesda Metro Center
Suite 910
Bethesda, MD 20814
Telephone:    (240) 447-8625
Fax:              (301) 907-7790
E-mail:         Dchernov@aol.com

Counsel for Plaintiff

June 6, 2007

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK,                      )
                                      )
    Plaintiff,                        )
                                      )
    v.                                )      Case No. 1:06 cv1126
                                      )      Judge Thomas P. Hogan
                                      )
THE CRADLE SOCIETY, INC.,             )
                                      )
    Defendant.                        )

## RULE 16 (b) STATEMENT

       Plaintiff hereby submits the following statement pursuant to Rule 16(b). Plaintiff contacted counsel for Defendant on March 6, 2007 to confer regarding submission of this Rule 16(b) statement. Counsel for Defendant did discuss some of the matters included in Rule16(b). However Defendant expressed concern that submission of a joint statement would prejudice Defendant's pending motion to dismiss. Plaintiff prepared and transmitted to Defendant a draft Joint Rule 16(b) Statement and offered to stipulate that the filing of a Joint Statement would not prejudice Defendant or otherwise be used against Defendant with respect to Defendant's motion to dismiss for lack of personal jurisdiction. Defendant indicated it would not agree to submit a joint Rule 16(b) statement.

BRIEF STATEMENT OF THE CASE

Plaintiff's Statement of Fact.

This case relates to international adoptions of children from The Russian Federation to the United States. Plaintiff Dmitry Fasolyak is a permanent resident of the US who lived for many years in Russia where he was involved in international adoptions. Mr. Fasolyak provides consulting, management and administrative services to US adoption agencies doing business in Russia. Defendant The Cradle Society ("Cradle") is an adoption agency.

In 2004, Cradle and Mr. Fasolyak entered into a contract whereby Fasolyak agreed to provide adoption assistance to Cradle in the US, help establish, operate and manage an office for Cradle in Moscow, provide Cradle with consulting and administrative services and, generally, to establish a "Russian Program" for Cradle in Russia and in the US. In return, Cradle agreed to pay Fasolyak a fee for each Russian adoption processed by Cradle.

Fasolyak set up the Moscow office for the "Russian Program" and identified employees for Cradle to process adoptions in Russia generally and in selected regions in Russia. Fasolyak secured Russian government accreditation for Cradle to handle adoptions in Russia. After the Moscow office became operational, Cradle began trying to circumvent Fasolyak to avoid paying his fee. Cradle stopped providing Fasolyak with administrative and accounting information and substantially excluded him from managing the Moscow office. Cradle began directly supervising the employees of the Moscow office in violation of the parties agreement. Cradle processed many adoptions

through the Moscow office without paying Fasolyak any fee and made efforts to conceal

their activities from Fasolyak by telling him that they were paying him fees on all

Russian adoptions.   Ultimately, Cradle wrongfully terminated the parties agreement

and refuses to pay Fasolyak fees for Russian adoptions.  Cradle wrongfully failed to pay

Fasolyak fees of over $2 million and the damages are continuing to accumulate as

Cradle processes additional adoptions while refusing to pay Fasolyak's fees.  Fasolyak

seeks damages for breach of contract, fraud, misrepresentation, unjust enrichment,

quantum meruit and tortuous interference with prospective economic advantage and he

also seeks an accounting of the activities of the Moscow office.

## PLAINTIFF'S RULE 16 POSITIONS

The parties conferred by telephone on March 6, 2007 and Plaintiff forwarded a draft

Rule 16(b) Statement to Defendant.  Because Defendant would not submit a joint

statement, Plaintiff states as follows with respect to Rule 16(b):

  1.) <u>Resolution By Dispositive Motion</u>:  Plaintiff believes that this case is fact

specific and is not amenable to resolution by summary judgment.

  2.) <u>Amendment of Pleadings</u>:  Plaintiff does not anticipate amending its

pleading.

  3.) <u>Assignment to a Magistrate Judge</u>:  Plaintiff does not consent to

assignment of this matter to a Magistrate Judge.

  4.) <u>Settlement Possibility</u>:  Plaintiff believes that settlement discussions could

be productive in this case after initial discovery.

  5.) <u>ADR</u>:  Plaintiff believes that mediation could be fruitful in this case after

discovery.

6.)    <u>Resolution On Summary Judgment</u>: Plaintiff does not anticipate that the case will be amenable to resolution on summary judgment.

7.)    <u>Disclosures</u>:  Plaintiff believes that disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be made.

8.)    <u>Extent Of Discovery</u>:  Plaintiff requests that the presumptive limits be applied, that is no more than 25 interrogatories and no more than ten depositions per party, subject to requests for additional depositions if reasonable.  Plaintiff requests 180 days for fact discovery.

9.)    <u>Expert Witnesses</u>:   Plaintiff requests that Plaintiff's expert report, if any, be required to be served no later than 120 days after the date of this report and that any expert report in response be filed 30 days thereafter.  Plaintiff requests that expert discovery close 45 days thereafter, allowing for time for deposition of the expert witnesses.

10.)   <u>Class Action Issues</u>:  Not relevant.

11.)   <u>Bifurcation Of Liability And Damages</u>: Plaintiff does not believe that bifurcation is necessary.

12.)   <u>Date for Pretrial Conference</u>:  A pretrial conference should be scheduled following discovery.

13.)   <u>Trial Date</u>:  A firm trial date should be set at the pre-trial conference.

14.)   <u>Other Matters</u>: None

Respectfully submitted,


_____
John D. Quinn, Esquire
D.C. Bar 267302
SALE & QUINN, P.C.
910 16th Street, N.W.
Suite 500
Washington, D.C. 20006

Counsel for Plaintiff

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK,                    )
                                    )
    Plaintiff,                  )
                                    )
       v.                      )     Civil No. AW 06 CV 00622
                                    )
THE CRADLE SOCIETY, INC.,           )
                                    )
    Defendant.                  )

### AFFIDAVIT OF OLEG A. SVITKOV

OLEG ANATOLYEVICH SVITKOV deposes and says:

1. I am over eighteen years of age and am competent to testify as to the matters set forth herein. I make this affidavit voluntarily on the basis of my personal knowledge.

2. I am a citizen of the Russian Federation and reside in the city of Voronezh of the Voronezh Oblast' (Voronezh Province) of the Russian Federation.

3. I regularly interact with and provide advisory services to international adoption agencies in the Russian Federation.

4. I have the acquaintance of Ekaterina Vasilyevna Pavolva. Ms. Pavlova is a retired Russian judge and an occasional legal consultant to various international adoption agencies, including The Cradle Society, Inc. Ms. Pavlova resides in Moscow. I have known Ms. Pavlova for a number of years.

5. Earlier this year, Ms. Pavlova came to Voronezh on business.

6. I met with Ms. Pavlova in Voronezh over a cup of tea.

7. Ms. Pavolva told me that she had been contacted by Ms. Valentina Krasnova, the head of the Moscow office of The Cradle Society, Inc., and asked for help with improperly permanently removing legal files and records relating to certain adoptions completed by The Cradle Society, Inc. in the Bryansk Oblast' (Bryansk Province) of the Russian Federation. The files and records in question are parts of formal legal records in those certain adoption cases and are kept by and at a court in the Bryansk Oblast'.

8. It appeared that The Cradle Society was very concerned about the content of those files and records.

I declare under penalty of perjury and upon personal knowledge that the foregoing is true and correct.

Oleg A. Svitkov

June 1, 2007

2

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Civil No. AW 06 CV 00622
                                    )
THE CRADLE SOCIETY, INC.,           )
                                    )
        Defendant.                  )

### AFFIDAVIT OF DMITRY FASOLYAK

DMITRY FASOLYAK deposes and says:

1. I am over eighteen years of age and am competent to testify as to the matters set

    forth herein. I make this affidavit voluntarily.

2. Some months ago, I had a telephone conversation with Ms. Svetlana Davidyak.

    Ms. Davidyak is a Russian national residing in Moscow. She is engaged by The

    Cradle Society, Inc. (hereinafter "Cradle"), the defendant in the captioned action

    as a regional coordinator of Cradle's Russian adoption program in and for the

    Bryansk Oblast' (Bryansk Province) of the Russian Federation. I have known Ms.

    Davidyak for many years.

3. Ms. Davidyak informed me that Ms. Valentina Krasnova, the head of Cradle's

    Moscow office, and Ms. Natalya Chegina, Cradle's accountant in Moscow,

    engaged in modifying Cradle's books in Moscow.

I declare under penalty of perjury and upon personal knowledge that the foregoing is true

and correct.

Dmitry Fasolyak

June 6, 2007

2