IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIMITRY FASOLYAK | : | |
|     Plaintiff, | : | |
| v. | : | Case No.: 1:06cv1126 |
| THE CRADLE SOCIETY | : | Judge Thomas P. Hogan |
|     Defendant. | : | Deck Type:  Contract |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND ALTERNATIVE MOTION TO COMPEL RULE 26(f) CONFERENCE AND MOTION FOR EMERGENCY HEARING

    Defendant, The Cradle Society Inc., by counsel and in Opposition to Plaintiff's Motion to Compel Discovery and Alternative Motion to Compel Rule 26 (f) Conference and Motion for Emergency Hearing, states as follows:

    1.    Plaintiff's Motion to Compel should be heard in Northern District of Illinois, the court that issued the subpoenas to Susan T. Peterson and Kristen Jones.  This Court has no jurisdiction to hear such a motion.  See Fed. R. Civ. P. 45(c)(3)(A); see also, e.g., In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991)..  A Motion to Quash the subpoenas has been filed in Illinois and will be heard on Tuesday, June 12, 2007.

    2.    Plaintiff's counsel misrepresented the substance of the conversation about the unilaterally filed Rule 16(b) report.  A discovery plan was never discussed.  The only subject that was discussed was Defendant's participation in the report.  If a discovery plan was discussed, then Plaintiff's counsel would have included it in his report filed with the Court.

    In addition, if Plaintiff's claims were true, he would be required to make his initial disclosures under Rule 26(a)(1).  He has not done so; nor has he requested that Defendant do so.

1

3. The 120-day limit under Rule 16(b)(8) is a restriction placed upon the Court, not the parties. The only restriction on the parties is that the Rule 26(f) conference be held no later than 21 days before the scheduling conference. An initial scheduling conference had not been ordered by the Court at the time plaintiff's counsel suggested a Rule 26(f) conference.

4. During undersigned counsel's numerous phone conversations with Plaintiff's counsel, the issues complained of in Plaintiff's Motion to Compel were never discussed. Plaintiff's counsel never mentioned the unfounded allegations that Defendant had attempted to destroy evidence and never mentioned any special need to take discovery immediately.

5. Plaintiff's discovery requests are very broad and with the exception of the eighth document request, have nothing to do with the alleged destruction of evidence. The eight document request asks for "Any and all documents, records, communications, and materials relating to any Valentina Krasnova." See Defendant's Motion for Protective Order, Exhibit "C."

6. Plaintiff's allegations regarding the destruction and falsification of records in Russia are dubious at best. In support of his allegations, Plaintiff has submitted two affidavits, each of which relies on hearsay.[1] Furthermore, neither affidavit is notarized. See, e.g., Cord v. Smith, 370 F.2d 418, 420 n1 (9th Cir. 1966)(a document not sworn before a notary is not a proper affidavit).

7. Even if his allegations regarding the destruction and falsification of records in Russia are to be believed, Plaintiff has not indicated how the taking of these depositions would in any way prevent the further spoliation of evidence. Neither of the deponents are named in the affidavits; Plaintiff has not specified how a deposition of either would shed any light on the allegations of the destruction of evidence.

---

[1] In fact, the allegations in both affidavits rely on *double* hearsay.

2

8. Plaintiff attempts to re-argue his position outlined in his Opposition to the Motion to Dismiss, but once again fails to acknowledge the contradictions between his affidavits submitted in support of his positions in the D.C. and Maryland litigation.[2] In addition, Judge Alexander Williams in the Maryland decision, ruled that the place of performance for the contract in question was Russia. Defendant's contacts with the District of Columbia were incidental. The Cradle Society did not create any continuing obligations between the business and the residents of the District of Columbia. Nor did the Cradle Society attempt to advertise or sell services in the District of Columbia. In fact, The Cradle Society had no relationship with District of Columbia residents at all. The business association was with Russia, not Washington D.C.

9. The plaintiff details a long list of activities at the Russian Embassy and "hundreds of business trips to the Embassy of the Russian Federation." The Russian Embassy is the sovereign territory of the Russian Federation. Accordingly, even if the Plaintiff's allegation is true, there is no evidence that the Defendant had sufficient contacts within the District of Columbia to warrant an exercise of jurisdiction. See Nikbin v. Islamic Republic of Iran, 471 F.Supp.2d 53, 71-73 (D.D.C. 2007)(where defendant explored numerous possible business ventures in forum, plaintiff failed to demonstrate continuous and systematic contacts); F.C. Investment Group v. IFX Markets, 2007 U.S. Dist. LEXIS 7919, 6-24 (D.D.C. 2007)(defendant's web site and "regular" phone calls to plaintiffs residing within District of Columbia insufficient to establish personal jurisdiction); and Bank of Cape Verde v. Bronson, 869 F.Supp. 21, 23 (D.D.C. 1994)(defendant's phone calls and mailings to plaintiff

---

[2] Plaintiff asserts the parties "met in Washington, D.C. and negotiated the terms of their business relationship and of the contract at issue here." In the Maryland litigation the plaintiff stated in an Affidavit:
12. In 2004, I and The Cradle Society executed a formal agreement concerning the service to The Cradle Society ("Agreement"). The memorandum of the Agreement was prepared by The Cradle Society and sent to me in Maryland. I reviewed that memorandum in Maryland and discussed it with employees and representative of The Cradle Society over the telephone from Maryland. I made no changes to the memorandum of the Agreement received from The Cradle Society, signed it in Maryland, and sent it back to The Cradle Society from Maryland.
13. It was known that I reside in Maryland and it was known, understood, and anticipated that I and persons working under my direction would perform many of the services pursuant to the Agreement in and from Maryland.

3

and embassy located within District of Columbia did not constitute the transaction of business within the meaning of the District's long-arm statute).

WHEREFORE, Defendant The Cradle Society, Inc., respectfully requests that the Plaintiff's Motion to Compel Discovery and Alternative Motion to Compel Rule 26 (f) Conference and Motion for Emergency Hearing be denied.

MACLEAY, LYNCH, GREGG & LYNCH, P.C.

By: _____/s/_____
Robert P. Lynch #416824
1629 K Street, N.W.
Suite 802
Washington, DC 20006
(202) 785-0123
(202) 393-3390 (fax)
*Counsel for Defendant,*
*The Cradle Society, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by electronic mail, this 11th day of June, 2006, to:

John D. Quinn, Esq.
910 16th Street, N.W., Suite 500
Washington, D.C.  20006

Dmitri A. Chernov, Esq.
Three Bethesda Metro Center
Suite 910
Bethesda, MD  20814

_____/s/_____
Robert P. Lynch

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DMITRY FASOLYAK                            :

    Plaintiff,                          :

v.                                         :         Case Number 1:06cv01126
                                                                                           Judge Thomas P. Hogan
THE CRADLE SOCIETY, INC.                   :         Deck Type:  Contract

    Defendant.                          :

## ORDER

Upon consideration of Plaintiff's Motion to Compel Discovery and Alternative Motion to Compel Rule 26 (f) Conference and Motion for Emergency Hearing, it is, by this Court, the _____ day of _____, 2007, hereby

ORDERED, that the same is hereby DENIED.

                                                                                       _____
                                                                                                Judge

Copies to:

**BY ELECTRONIC DELIVERY:**

    Robert P. Lynch, Esquire
    Macleay, Lynch, Greg & Lynch, PC
    1629 K Street, N.W.
    Suite 802
    Washington, DC 20006

    John D. Quinn, Esq.
    910 16th Street, N.W., Suite 500
    Washington, D.C.  20006

    Dmitri A. Chernov, Esq.
    Three Bethesda Metro Center
    Suite 910
    Bethesda, MD  20814